**Charles BRASHEAR, Reed Osborne, Ralph Whitaker and Virginia Whitaker, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 16, 1959.

Calvert C. Little, London, for appellants.

Jo M. Ferguson, Atty. Gen., Paul E. Hayes, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

On November 5, 1958, the grand jury of Laurel County returned indictments against Charles Brashear, Reed Osborne, and Ralph and Virginia Whitaker accusing each of the several parties of the "offense of suffering and permitting a game of chance," namely, a pin-ball machine, at which money was won and lost, to be conducted and operated in places under their respective occupation and control. On November 7 the parties appeared and executed bail bonds. On that day, over the

protest of their attorney, the court set the Brashear case for trial on the 11th and the other two cases on the 12th of November. On the 10th the defendants filed motions for continuances. The reasons set forth in affidavits are in substance that their attorney had been employed on November 7 and there had been no opportunity for a conference and there will not be time for the attorney to study and prepare the cases for trial; that it is necessary to have a transcript of the grand jury evidence, which cannot be obtained in time; that the semi-annual term of the United States District Court is convening on that day (the 10th) and cases in that court in which the attorney had been previously employed had been set for trial on the 11th and 12th where his presence will be required; that the attorney will be engaged in the trial of twenty cases in that court on and after November 10th and it is impossible for him to prepare the present cases for trial or attend the trials on the days set.

The Brashear case was passed to the next day, November 12. On that day the Commonwealth's attorney filed responses in which he admitted that the defendants' attorney had made the representations to the court as described; but the judge had stated that if he could not be present, the defendants should immediately employ another attorney. The presiding judge did the unusual thing of filing his own affidavits, stating that he had so advised the defendants' attorney and further that he had told him he was assigning the cases for November 11 and 12 "because he did not have any other cases to try on that date and the following day to try."

On the day set for the trials the court overruled the motions for a continuance. The cases proceeded to trial, one after the other before practically the same jurors. The defendants were present but not represented by counsel. They remained silent throughout. The juries found the defendants guilty and fixed the penalty in each case at a fine of $250. Motions for appeals

have been filed and the cases consolidated here.

It is well settled that granting a continuance is in a large measure within the discretion of the trial court; but where it appears to this court that in overruling such a motion there was an abuse of judicial discretion, the judgments will be reversed in the interest of fairness and justice. While the same degree of strictness may not apply in misdemeanor as in felony cases, yet parties charged with such lesser offenses also have the right to a fair trial conducted in due course. In these cases the defendants were not lacking in diligence, but reasonable opportunity to prepare for trial was not recognized by the court.

We are of opinion that there was abuse of discretion in overruling the motions for continuance. The several motions for appeals are sustained, the appeals are granted, and the judgments are

Reversed.